1 | Wm. Randolph Turnbow,
2 | Counsel for Plaintiff, WSB 19650
  | randy@steelheadlawyer.com
3 | 2610 Highland Oaks Dr.
  | Eugene, OR 97405
4 | 541.554.6855

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| NORTH COAST ELECTRIC COMPANY, a Washington Corporation;<br><br>    Plaintiff;<br><br>    v.<br><br>SAFARI ELECTRIC, LLC, a Washington limited liability company; RORE, INC., a corporation formed under the laws of an unknown jurisdiction; BERKLEY INSURANCE COMPANY, a Delaware corporation; GSI PACIFIC, INC., a Hawaii corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a foreign corporation; ALUTIIQ GENERAL CONTRACTORS, LLC, a limited liability company formed under the laws of an unknown jurisdiction; RONSONS SDVOSB P&L JV-1; RON D. WALLIN; RONSONS DESIGN & CONSTRUCTION, LLC LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation; and NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a foreign corporation;<br><br>    Defendants. | Case No. _____<br><br>COMPLAINT<br><br>(Action on Miller Act Bonds, Supplemental Contract Claims)<br><br>REQUEST FOR JURY TRIAL |

Page 1 - COMPLAINT**Error! Reference source not found.**

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

Plaintiff ("North Coast") alleges as follows.

## JURISDICTION AND VENUE.

1. This action arises in part under, and this court has exclusive jurisdiction over, all Miller Act claims pursuant to 40 U.S.C. §3133(b)(2). Venue is proper in the United States District Court for the Western District of Washington under 40 U.S.C. §3133(b)(3). Assignment of this action to the Seattle Division is appropriate because all unpaid amounts are payable in Seattle; North Coast's contracts all contain an exclusive venue provisions requiring all actions to be brought in King County, and at least one of the construction projects in dispute was performed in King, County, Washington. North Coast has remained unpaid for more than 90 days since last providing materials on each project, and North Coast served all required notices in accordance with 40 U.S.C. §3133. This court has supplemental jurisdiction over all non-Miller Act claims pursuant to 28 U.S.C. § 1367.

## COMMON ALLEGATIONS.

2. North Coast is a Washington corporation engaged in the business of acting as a distributor of electrical materials manufactured by others, primarily selling its materials for construction or industrial purposes, and is duly licensed to conduct business in Washington. North Coast's headquarters is located in Seattle, Washington.

3. Defendant Safari Electric LLC ("Safari") is a Washington limited liability company engaged in the business of acting as an electrical subcontractor or occasionally a general contractor, often on federal projects.

4. All other defendants are either general contractors serving as principals on Miller Act bonds, or insurance companies serving as sureties on the Miller Act or the additional bonds described below.

5. In 2012, Safari entered into a credit agreement pursuant to which it agreed that all purchases it made on credit would be subject to North Coast's Standard Terms and Conditions Applying to All Sales set out in its form NC055, it would pay interest on all amounts not paid

Page 2 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

when due at the rate of 18 percent per annum, and the prevailing party in any litigation relating to any purchase, including any action to collect the amount due, would be entitled to recover its reasonable attorney's fees and expenses of collection. Defendant Safari has not terminated that agreement. In addition, those terms include the following:

> All sales by North Coast Electric Company (Seller) are expressly conditioned upon the terms and conditions set out below. Any additional or different terms or conditions in any previous or later communication from Purchaser, any course of dealing, or any custom; including but not limited to any purchase order, change order, or remittance advice; is hereby objected to by Seller. Terms additional or different from those set out in this document (except product descriptions, prices, and similar transaction specific terms) will have no force or effect unless set out in a written document, unequivocally expressing Seller's agreement to those terms, signed by a representative of Seller with authority to do so.
>
> \* \* \* \* \*
>
> **PAYMENT TERMS**
>
> Payment is required at the time of order or in advance of shipment unless Purchaser has submitted and Seller has approved an application for credit, associated credit agreement, and any required personal guaranties. Regardless of the existence of any other agreement, Seller may require full or partial payment, or other reasonable assurances of Purchaser's intent and ability to fully perform its obligations, as a condition of further performance if Seller has reasonable grounds to fear that Purchase may not fully perform its obligations. Unless otherwise agreed by Seller in writing, all payments on credit purchases are due on or before the 25th day of the month following the month of each purchase. To the extent allowed by Seller in its absolute discretion (normally by indication on an invoice), payment received on or before the 10th day of the month following the month of purchase may qualify for a discount. All amounts not paid on or before the due date will be deemed PAST DUE and shall accrue a finance charge of 1 1/2% per month or, if a lesser rate is required by law, the highest rate allowed by law. No payment by asserted offset or set-off shall be valid.
>
> \* \* \* \* \*
>
> **WARRANTIES AND DISCLAIMERS**
>
> All sales are "as is." Materials sold by Seller are the products of others. Seller agrees to use reasonable efforts to help Purchaser obtain from each manufacturer, in accordance with each manufacturer's warranty, the repair or provision of replacement

Page 3 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

products, or components of products, that may prove defective in material or workmanship. That obligation shall constitute the sole obligation of Seller, and Purchaser's sole remedy against Seller, with respect to any defective or nonconforming materials. Except as to title, Seller makes NO WARRANTIES of any kind, express or implied. In particular, Seller makes NO WARRANTY OF MERCHANTABILITY OR OF FITNESS FOR ANY PURPOSE, including any warranty of compliance with any plans or specifications.

**LIMITATION OF LIABILITY**

Seller shall not be liable to Purchaser or any other party for any consequential, incidental, or special damages of any kind, including but not limited to labor charges or lost profits, under any circumstances. In all events, Seller's maximum liability for all claims or set of related claims arising from a purchase shall be the purchase price of the materials found to be defective, non-conforming, or otherwise not provided in accordance with Seller's obligations. If only a replaceable component of any item is defective or non-conforming, Seller's liability is limited to the cost of a replacement or reasonably allocated portion of the purchase price of any relevant component part or parts, whichever is less.

\* \* \* \* \*

**SUBMITTALS AND SHOP DRAWINGS**

Seller may assist in the transmission of submittals, shop drawings, and/or other communications, between Purchaser and the appropriate manufacturer or others, as a convenience to Purchaser. Purchaser shall be fully responsible for the timeliness, accuracy, and appropriateness of all such communications. Seller shall have no liability or responsibility of any kind with respect to such communications. Without limiting the generality of this provision, Purchaser acknowledges that Seller has no responsibility to obtain review, approval, or correction of, or to assure that any materials conform to, any specifications, submittals, shop drawings, or other requirements.

**DISPUTES**

\* \* \*  If any legal proceeding is brought to determine, interpret, or enforce any rights as between Seller and Purchaser, or in any other way relating to any sales made by Seller, the prevailing party shall be entitled to recover its reasonable attorneys' fees and related expenses of litigation (including, but not limited to, consultant and expert witness fees, charges for non-lawyer legal staff, investigator's charges, transcripts and other deposition expenses, the cost of title reports and asset searches, and travel expenses for witnesses and others) in amounts to be set by the court, in the trial court and on appeal, in addition to costs and disbursements allowed

Page 4 - COMPLAINT**Error! Reference source not found.**

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

by law.  The parties' relationships are controlled by, and all agreements are to be interpreted and enforced in accordance with, only the laws of the State of Washington, excluding any provisions regarding conflict of laws.  Venue for any legal proceeding relating in any way to Seller or any sales made by Seller shall exclusively be King County, Washington. (Bold in Original.)

Safari made all of the purchases described below on credit and subject to those terms except as expressly agreed in writing and identified below.

6. North Coast suspended additional sales on credit when Defendant Safari became excessively behind in paying for its purchases.  Later, after further delay and other problems, North Coast canceled or terminated all executory contracts for material breach.

7. North Coast has satisfied all of its obligations with respect to the transactions described below.  More than 90 days has elapsed between the date payment was due on all Miller Act claims asserted below.  North Coast served each of its claims on bonds less than 90 days after last providing materials or labor on projects described below.

**FIRST CLAIM FOR RELIEF:  BREACH OF CONTRACT - JACKSON FEDERAL BUILDING SEATTLE**

As a claim asserted against Defendant Safari, North Coast alleges as follows.

8. North Coast realleges the allegations set out in paragraphs 1-7 above.

9. In 2018, North Coast entered into a contract with Defendant Safari formed under RCW 62A.2 by Defendant Safari's acceptance of a quotation conditioned upon agreement to North Coast's Standard Terms and Conditions Applying to All Sales.  In that contract, North Coast agreed to sell on credit and Defendant Safari agreed to purchase certain electrical materials for a project in Seattle commonly known as "Jackson Federal Building Auditorium Lighting Improvements."  North Coast supplied all the agreed materials on that project.  On information and belief, RONSONS SDVOSB P&L JV-1 served as the general contractor on that project and Ron D. Wallin and Ronsons Design & Construction, LLC are partners in that joint venture.

10. Despite multiple demands, Safari has refused to pay in full for the materials delivered.  Defendant Safari made a partial payment on or about is currently indebted to North

Page 5 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

Coast on that contract in the principal amount of $15,466.13, plus accruing interest on the principal balance at the rate of 18 percent per annum from April 10, 2019 until paid, plus North Coast's attorney's fees and reasonable expenses of litigation.

**SECOND CLAIM FOR RELIEF:  BREACH OF CONTRACT - BANGOR SUBSTATION 6A**

As a claim asserted against Defendant Safari, North Coast alleges as follows.

11. North Coast realleges the allegations set out in paragraphs 1-7 above.

12. In or about late 2015 or early 2016, North Coast entered into a contract with Defendant Safari formed under RCW 62A.2 by Defendant Safari's acceptance of a quotation conditioned upon agreement to North Coasts' Standard Terms and Conditions Applying to All Sales.  In that contract, North Coast agreed to sell on credit and Defendant Safari agreed to purchase certain at least largely custom manufactured equipment commonly referred to as the "15kv switch" on the "Substation 6A" project involving the replacement of an electrical substation on Naval Base Kitsap – Bangor and related work.  At Defendant Safari's request, in order to save it taxes, the manufacturer agreed to and did price the physical substation and related materials, its engineering work to prepare submittals for approval by the Navy normally included in the price, and its supervision of installation also normally included in the price, separately.  North Coast set separate prices accordingly.  The Manufacturer and North Coast agreed on a specific payment schedule based upon the status of the materials or performance of the ancillary services.  Defendant Safari served as the electrical subcontractor and Defendant RORE, Inc. served as general contractor on that project.

13. On information and belief:  (1) the manufacturer correctly performed the submittal work and delivered the materials; (2) because of a dispute between Defendant Safari and the Navy, Defendant Safari has refused to or was prohibited from completing the installation; and (3) Defendant RORE, Inc. has taken possession of the materials under its subcontract with Defendant Safari and is enforcing its remedies against Safari, but has not yet

Page 6 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

1 filed an action against Defendant Safari.

2     14.    Despite multiple demands, Defendant Safari has failed to pay for those materials. Defendant Safari is currently indebted to North Coast on that contract in the principal amount of $625,972.74, plus accrued interest in the amount of $43,217.84 through April 15, 2019, plus continuing interest on the principal balance at the rate of 18 percent per annum from April 15, 2019 until paid, plus North Coast's attorney's fees and reasonable expenses of litigation.

**THIRD CLAIM FOR RELIEF:  BREACH OF CONTRACT - BANGOR SECURITY IMPROVEMENTS.**

As a claim asserted against Defendant Safari, North Coast alleges as follows.

    15.    North Coast realleges the allegations set out in paragraphs 1-7 above.

    16.    In or about 2018, North Coast entered into a contract with Defendant Safari formed under RCW 62A.2 by Defendant Safari's acceptance of a quotation conditioned upon agreement to North Coast's Standard Terms and Conditions Applying to All Sales.  In that contract, North Coast agreed to sell on credit and Defendant Safari agreed to purchase certain materials for a project involving the redesign and improvement of certain perimeter lighting and emergency power on Navy Base Kitsap-Bangor.  Defendant Safari served as the electrical subcontractor and Defendant GSI Pacific, Inc. served as general contractor on that project.

    17.    Safari purchased and the manufacturer(s) delivered the materials to the project site.  On information and belief, Safari successfully installed them without problem.

    18.    Despite multiple demands, Defendant Safari has failed to pay for those materials. After a partial payment by Defendant GSI Pacific, Inc., Defendant Safari is currently indebted to North Coast on that contract in the principal amount of $1,538.65, plus continuing interest on the principal balance at the rate of 18 percent per annum from January 17, 2019 until paid, plus North Coast's attorney's fees and reasonable expenses of litigation.

/////

/////

Page 7 - COMPLAINTError! Reference source not found.

Wm. Randolph Turnbow
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

**FOURTH CLAIM FOR RELIEF:  BREACH OF CONTRACT - JOINT BASE LEWIS-MCCORD.**

As a claim asserted against Defendant Safari, North Coast alleges as follows.

19. North Coast realleges the allegations set out in paragraphs 1-7 above.

20. In or about 2018, North Coast entered into a contract formed under RCW 62A.2 by Safari's acceptance of a quotation conditioned upon agreement to North Coasts' Standard Terms and Conditions Applying to All Sales and pursuant to which North Coast agreed to sell on credit and Safari agreed to purchase on credit certain manufactured materials or equipment for a project involving the redesign and improvement of certain perimeter lighting and emergency power on Navy Base Kitsap-Bangor.  Safari served as the electrical subcontractor and Defendant Alutiiq General Contractors, LLC served as general contractor on that project.

21. Safari purchased and the manufacturer(s) of the materials delivered them to the project site.  On information and belief, Defendant Safari successfully installed them without problem.

22. Despite multiple demands, Defendant Safari has failed to pay for those materials.  Safari is currently indebted to North Coast on that contract in the principal amount of $79,772.85, plus accrued interest in the amount of $5,767.86 through April 15, 2019, plus continuing interest on the principal balance at the rate of 18 percent per annum from April 16, 2019 until paid, plus North Coast's attorney's fees and reasonable expenses of collection.

**FIFTH CLAIM FOR RELIEF:  BREACH OF CONTRACT - USACE JBLM/SQUARE D.**

As a claim asserted against Defendant Safari, North Coast alleges as follows.

23. North Coast realleges the allegations set out in paragraphs 1-7 above.

24. In or about 2018, North Coast entered into a contract with Defendant Safari formed under RCW 62A.2 by Defendant Safari's acceptance of a quotation conditioned upon agreement to North Coasts' Standard Terms and Conditions Applying to All Sales and pursuant to which North Coast agreed to sell on credit and Defendant Safari agreed to purchase certain electrical materials and/or equipment for a project on a military installation for Square D

Page 8 - COMPLAINTError! Reference source not found.

Wm. Randolph Turnbow
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

Construction acting as the general contractor.

25.     Defendant Safari purchased and the manufacturer(s) of the materials delivered them to the project site.  On information and belief, Defendant Safari successfully installed them without problem.

26.     Despite multiple demands, Defendant Safari has failed to pay for those materials. After partial payment by the general contractor (in return for which North Coast released its Miller Act Bond), Defendant Safari is currently indebted to North Coast on that contract in the principal amount of $1,089.16, plus continuing interest on the principal balance at the rate of 18 percent per annum from March 7, 2019, plus North Coast's attorney's fees and reasonable expenses of collection.

**SIXTH CLAIM FOR RELIEF:  BANGOR SUBSTATION 6A MILLER ACT BOND.**

As a claim asserted against Defendants Safari; RORE, Inc.; and Berkley Insurance Company; North Coast alleges as follows.

27.     North Coast realleges the allegations set out in paragraphs 11-14 above.

28.     Pursuant to 40 U.S.C. § 3133, Defendants RORE, Inc. as principal and Berkley Insurance Company as surety issued a Miller Act Bond, believed to be bond No. PRF 7651083, for that project in the penal amount of $2,870,000.  On or about January 18, 2019, North Coast filed a claim on that bond in full compliance with all applicable procedural requirements seeking payment of the full amount due, including interest as provided by law.  Neither the principal nor the surety have made any payment on North Coast's claim.

**SEVENTH CLAIM FOR RELIEF:  BANGOR SUBSTATION 6A PERFORMANCE AND PAYMENT BONDS.**

As a claim asserted against defendant's Safari; RORE, Inc.; and Berkley Insurance Company; North Coast alleges as follows.

29.     North Coast realleges the allegations set out in paragraphs 11-14 above.

Page 9 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

30. On or about November 14, 2016, Defendant Safari as principal and Defendant Berkley Insurance Company as surety issued two bonds covering Defendant Safari's subcontract for the Substation 6A project:

    a. A Subcontract Performance, apparently given the bond number 0205634, for the benefit of RORE, Inc. in the penal amount of $2,870,000; and

    b. A Subcontractor Payment Bond, apparently given the bond number 0205634 for the benefit of, among others, suppliers of material including North Coast in the penal amount of $2,870,000.

31. On information and belief, Defendant's Safari's subcontract obligates it to promptly pay all amounts due to suppliers and North Coast is a third-party beneficiary of the first bond. North Coast is a direct beneficiary of the second bond.

32. On or about January 4, 2019, North Coast made claims on both of those bonds in accordance with the terms of the bonds for the full amount due. Neither the principal nor the surety have made any payment on North Coast's claims.

**EIGHTH CLAIM FOR RELIEF:  BANGOR SECURITY MILLER ACT BOND.**

As a claim asserted against defendants Safari; GSI Pacific, Inc.; and Fidelity and Deposit Company of Maryland; North Coast alleges as follows.

33. North Coast realleges the allegations set out in paragraphs 15-18 above.

34. Pursuant to 40 U.S.C. § 3133, Defendant GSI Pacific, Inc. as principal and Fidelity and Deposit Company of Maryland as surety issued Miller Act Bond, apparently given number 9233930, for that project. On or about January 3, 2019, North Coast filed a claim on that bond in full compliance with all applicable procedural requirements seeking payment of the full amount due, including interest as provided by law. Neither the principal nor the surety have made any payment on North Coast's claim.

/////

/////

Page 10 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

### NINTH CLAIM FOR RELIEF: JOINT BASE LEWIS-MCCORD MILLER ACT BOND.

As a claim asserted against defendant's Safari; Alutiiq General Contractors, LLC; and Fidelity and Deposit Company of Maryland; North Coast alleges as follows.

35. North Coast realleges the allegations set out in paragraphs 19-22 above.

36. Pursuant to 40 U.S.C. § 3133, Defendant Alutiiq General Contractors, LLC as principal and Defendant Fidelity and Deposit Company of Maryland as surety issued a Miller Act bond, apparently given bond number 023206754.1, covering the work at Joint Base Lewis-McCord described above. On or about March 29, 2019, North Coast filed a claim on that bond in full compliance with all applicable procedural requirements seeking payment of the full amount due, including prejudgment interest as provided by law. Neither the principal nor the surety have made any payment on North Coast's claim.

### TENTH CLAIM FOR RELIEF: JOINT BASE LEWIS-MCCORD SUBCONTRACTOR PAYMENT BOND.

As a claim asserted against defendant's Safari; Alutiiq General Contractors, LLC; and Berkley Insurance Company; North Coast alleges as follows.

37. North Coast realleges the allegations set out in paragraphs 19-22 and 35-36 above.

38. On information and belief, Defendant Alutiiq General Contractors, LLC as principal and Defendant Berkley Insurance Company as surety issued subcontractor payment bond, apparently given bond number 0216019, covering the work at Joint Base Lewis-McCord described above. On or about January 31, 2019, North Coast filed a claim on that bond in full compliance with all applicable procedural requirements seeking payment of the full amount due. Defendant Berkley Insurance Company has acknowledged receipt of that claim and existence of the bond. Neither the principal nor the surety have made any payment on North Coast's claim.

/////

/////

Page 11 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

**ELEVENTH CLAIM FOR RELIEF:  JEFFERSON FEDERAL BUILDING MILLER ACT BOND.**

As a claim asserted against defendant's Safari, Ronsons SDVOSB P&L JV-1, Ron D. Wallin, North American Specialty Insurance Company; and Liberty Mutual Insurance Company; North Coast alleges as follows.

39. North Coast realleges the allegations set out in paragraphs 1-10 above.

40. Defendant Ronsons SDVOSB P&L JV-1 as principal and Defendants American Specialty Insurance Company and Liberty Mutual Insurance Company as joint sureties issued a bond, apparently given number 0216019, covering the work at Joint Base Lewis-McCord described above.  On information and belief, Ron D. Wallin and Ronsons Design & Construction, LLC are partners in Ronsons SDVOSB P&L JV-1.  Prior to April 14, North Coast asserted a claim on that bond (by delivery to one of the two joint venture partners) in full compliance with all applicable procedural requirements seeking payment of the full amount due, including interest as provided by law.  Defendant Berkley Insurance Company has acknowledged receipt of that claim. Neither the principal nor the surety have made any payment on North Coast's claim.

**THIRTEENTH CLAIM FOR RELIEF:  DECLARATORY RELIEF.**

As a claim asserted against all defendants, North Coast alleges as follows.

41. North Coast realleges the allegations set out above.  Defendant Safari has filed a state court action (without subject matter jurisdiction) asserting certain and uncertain offsets and claims against North Coast totaling $115,921.03 (apparently for labor to move certain items in a secured area by forklift and increased costs incurred as a result of North Coast's suspension and/or cancelation of one or more contracts for non-payment) against North Coast's contracts and bond claims.  Defendant Safari, contrary to the terms of its agreements, asserts that its obligation to pay North Coast is conditioned upon Safari's receipt of payment from one or more general contractors, and asserting that one or more of North Coast's bond claims are "frivolous" because those bond claims include amounts for "profit" and "unperformed work."  North Coast

Page 12 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

denies that any offset or defense to its claims is appropriate under the terms of the parties' contracts, lack of factual basis, and other problems.

**PRAYER**

North Coast prays for judgment in its favor and against defendants, jointly and severally, as follows.

1. Against Defendants Safari; Ronsons SDVOSB P&L JV-1; Ron D. Wallin; Ronsons Design & Construction, LLC; North American Specialty Insurance Company; and Liberty Mutual Insurance Company in the principal amount of $15,466.13, plus accruing interest on the principal balance at the rate of 18 percent per annum from April 10, 2019 until the date of judgment; plus

2. Against Defendants Safari, RORE, Inc. and Berkley Insurance Company in the principal amount of $625,972.74, plus accrued interest in the amount of $43,217.84 through April 15, 2019, plus continuing interest on the principal balance at the rate of 18 percent per annum from April 15, 2019 until the date of judgment; plus

3. Against Defendants Safari; GSI Pacific, Inc.; and Fidelity and Deposit Company of Maryland in the principal amount of $1,538.65, plus continuing interest on the principal balance at the rate of 18 percent per annum from January 17, 2019 until the date of judgment; plus

4. Against Defendants Safari; Alutiiq General Contractors, LLC; and Fidelity and Deposit Company of Maryland in the principal amount of $79,772.85, plus accrued interest in the amount of $5,767.86 through April 15, 2019, plus continuing interest on the principal balance at the rate of 18 percent per annum from April 16, 2019 until the date of judgment; plus

5. Against Defendant Safari in the principal amount of $1,089.16, plus continuing interest on the principal balance at the rate of 18 percent per annum from March 7, 2019 until the date of judgment; plus

6. Against all defendants for prejudgment and post-judgment interest, costs, and

Page 13 - COMPLAINTError! Reference source not found.

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR  97405
541-554-6855

reasonable attorney's fees as provided by law; plus

    7.    Against Defendant Safari for all additional expenses of this litigation;

    8.    Against any or all defendants for such additional or other relief as may be equitable or appropriate.

## REQUEST FOR JURY TRIAL

North Coast requests a trial by jury on all claims and issues on which it has a right to determination by a jury.

DATED: May 21, 2019.

/s/ Wm. Randolph Turnbow
Wm. Randolph Turnbow, WSB 19650
Attorney for Plaintiff
Trial Attorney

**Wm. Randolph Turnbow**
randy@steelheadlawyer.com
2610 Highland Oaks Dr.
Eugene, OR 97405
541-554-6855