HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE UNITED STATES FOR THE USE OF
NORTH COAST ELECTRIC COMPANY,

    Plaintiff,

    v.

SAFARI ELECTRIC, LLC, *et al.*,

    Defendants.

Case No.  2:19-cv-00763-RAJ

ORDER

## I.  INTRODUCTION

Before the Court are two motions.  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceeding Pending Resolution of State Action is **GRANTED in part** and **DENIED in part** (Dkt. # 16) and Plaintiff's Motion for Extension of Time to Respond to Defendants' Motions to Dismiss or Stay and/or for Oral Argument is **DENIED as moot** (Dkt. # 23).

## II.  BACKGROUND

Plaintiff North Coast Electric Company ("North Coast") distributes electrical materials for use in construction projects. Dkt. # 8 ¶ 2.  Defendant Safari Electric LLC ("Safari"), an electrical subcontractor, often works on federal construction projects and

ORDER – 1

has purchased electrical materials from North Coast on credit. *Id.* ¶¶ 3, 5-6. Four of Safari's projects are relevant here: the Bangor Security project, the Jefferson Federal Building project[1], the Bangor Substation 6A project, and the Joint Base Lewis-McCord project. *Id.* ¶¶ 29-40. Because each of these projects were for the construction or improvement of a federal building, they were each secured by a Miller Act bond. *Id.*

North Coast claims that Safari "became excessively behind in paying for its purchases and/or it no longer currently needed the materials" and that, as a result, North Coast terminated all executory contracts for material breach. *Id.* ¶ 6. In this Court, on May 21, 2019, North Coast sued Safari and several other defendants, Dkt. # 1, who were "either general contractors serving as principals on Miller Act bonds, or insurance companies serving as sureties" on the bonds, Dkt. # 8 ¶ 4. North Coast asserts claims for breach of contract and claims on various bonds. *Id.* ¶¶ 8-43.

Several Defendants[2] now move to dismiss North Coast's Miller Act claims for failure to state a claim. Dkt. # 16 at 7-12. Alternatively, should the Court not dismiss the claims and case outright, Defendants move to stay these proceedings pending the resolution of a parallel state action over the Bangor Substation 6A project. *Id.* at 12-16. On February 7, 2019, almost four months before North Coast filed this action, Safari sued North Coast in Kitsap County Superior Court for breach of the Substation 6A Project contract, breach of additional project contracts, and declaratory relief. Dkt. # 20 ¶ 2; Dkt. # 20-1. Defendants request that the Court stay these proceedings pending the outcome of that lawsuit. Dkt. # 16 at 13.

---

[1] North Coast variously refers to this project as the "Jackson Federal Building" and the "Jefferson Federal Building." Dkt. # 23 at 10-11. Here, the Court uses the "Jefferson Federal Building" as that is what is pleaded in the operative complaint. Dkt. # 8 at 12.

[2] Besides Safari, moving defendants include Shaun D. Hall and Catherine B. Hall; RORE, Inc.; Alutiiq General Contractors, LLC; Ronsons SDVOSB P&L JV-1; Ron D. Wallin; and Ronsons Design & Construction, LLC. Dkt. # 16 at 2. The Court refers to these parties, collectively, as "Defendants."

ORDER – 2

North Coast did not respond to Defendants' motion. Dkt. # 23 at 4; Dkt. # 22. According to North Coast's counsel, "[he] did not find and open the court's notifications until . . . one day after the time to respond had run." Dkt. # 23 at 4. He stated that he has "no legal excuse for that oversite [sic]." *Id.* Because he failed to respond to the motion, he filed (after his time to respond had already expired) a "Motion for Extension of Time to Respond to Defendants' Motions to Dismiss or Stay and/or for Oral Argument." Dkt. # 23. In effect, North Coast's motion is a response to Defendants' motion. *Id.* at 2 ("[North Coast] moves for orders . . . [c]onsidering the brief points and authorities below as a response to Defendants' motions . . . .").

### III. LEGAL STANDARD

#### A. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint."); *Mir v. Little Co. of*

ORDER – 3

*Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

### B. Motion to Stay

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. When considering a motion to stay, the district court weighs three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### IV. DISCUSSION

Two preliminary matters: First, both parties support their arguments with extrinsic evidence. Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. # 16. The Court will treat it as such. The Court will not consider matters outside of the pleadings, thereby converting this motion into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The reasons for this are plenty. Defendants filed the motion as a motion to dismiss, not a motion for summary judgment, and they cited the Rule 12(b)(6) standard, not the Rule 56 standard. Dkt. # 16

ORDER – 4

at 6-7.  Further, neither party has requested that the motion be construed as one for summary judgment.  Indeed, Defendants expressly ask the Court not to convert the motion to dismiss into a motion for summary judgment.  *Id.* at 10-11.  Given that this is a motion to dismiss, the Court must not look outside of the complaint or judicially noticed facts and will thus ignore the parties' proffered evidence.

Second, North Coast should rethink its use of footnotes.  The Court strongly disfavors footnoted legal citations, which serve as an end-run around page limits and formatting requirements dictated by the Local Rules.  *See* Local Rules W.D. Wash. LCR 7(e).  Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 n.1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the parties from footnoting their legal citations in any future submissions.  *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

The Court now turns to the four Miller Act claims at issue.

### A.   Bangor Security Miller Act Bond (Claim VIII) & Jefferson Federal Building Miller Act Bond (Claim XI)

North Coast concedes that it has recently settled the Bangor Security Project Miller Act claim against Defendants GSI Pacific, Inc. and Fidelity and Deposit Company of Maryland.  Dkt. # 23 at 11.  North Coast also concedes that it was a third-tier supplier for the Jefferson Federal Building project and as such cannot recover under the Miller Act. *Id.* at 10-11.  North Coast represented that it would withdraw these claims but has not yet done so.  The Court **DISMISSES** these claims.

### B.   Bangor Substation 6A Miller Act Bond (Claim VI)

Under the Miller Act, a "person having a direct contractual relationship with a subcontractor but no contractual relationship . . . with the contractor furnishing the payment bond" may nonetheless bring an action on the bond.  40 U.S.C. § 3133(b)(2).

ORDER – 5

The person must, however, give "written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." *Id.* Although the Miller Act is "entitled to a liberal construction," the notice requirement is the "mandate of Congress." *U.S. for Use & Benefit of Blue Circle W., Inc. v. Tucson Mech. Contracting Inc.*, 921 F.2d 911, 916 (9th Cir. 1990). As such, it is a "condition precedent to a right of action on the bond[,] and no rule of liberality in construction can justify reading out of the statute the very condition which Congress laid down as prerequisite to the cause of action." *Id.* (quoting *Bowden v. U.S. for Use of Malloy*, 239 F.2d 572, 577 (9th Cir. 1956)).

For the Bangor Substation 6A project, North Coast alleges the notice date but does not allege the date that it last supplied labor or materials. According to the complaint, as to all projects, "North Coast served each of its claims on bonds less than 90 days after last providing materials or labor." Dkt. # 8 ¶ 7. As to the Bangor Substation 6A Miller Act bond, North Coast alleges that "[o]n or about January 18, 2019, North Coast filed a claim on that bond in full compliance with all applicable requirements." *Id.* ¶ 28. These allegations are conclusory. To be clear, North Coast does allege a notice date—January 18, 2019. But it does not allege the date that it "did or performed the last of the labor or furnished or supplied the last of the material." 40 U.S.C. § 3133(b)(2). Without that date, reading only the complaint, the Court cannot reasonably infer that North Coast supplied labor or materials within 90 days of North Coast's January 18, 2019 notice.

Relying on extrinsic evidence, the parties offer conflicting dates of North Coast's last supply of labor or materials. Defendants claim that North Coast last supplied labor or materials on June 26, 2018. Dkt. # 16 at 8. North Coast, on the other hand, claims that it "hired an engineering firm[] to check for the completeness of the work related to the materials [it] sold" on December 17 through 19 of 2018. Dkt. # 23 at 10. But, as the Court explained above, it will not consider extrinsic evidence here. These conflicting dates only appear in the parties' briefs, not in the complaint. *Frenzel v. AliphCom*, 76 F.

ORDER – 6

Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alteration omitted).

In sum, because North Coast failed to allege that it gave adequate notice, it fails to state a claim under the Miller Act as to the Bangor Substation 6A Miller Act bond.

### C. Joint Base Lewis-McCord Miller Act Bond (Claim IX)

Like the previous claim, North Coast fails to allege the date that it last supplied labor or materials on the Joint Base Lewis-McCord project. According to the complaint, "[o]n or about March 29, 2019, North Coast filed a claim on th[e Joint Base Lewis-McCord Miller Act] bond in full compliance with all applicable procedural requirements." Dkt. # 8 ¶ 36. Again, this allegation is conclusory and only provides the notice date—not the date that North Coast last supplied labor or materials. Given that, the Court cannot reasonably infer that North Coast last supplied labor or materials within 90 days of the March 29, 2019 notice.

As with the Bangor Substation 6A Miller Act bond, the parties rely on extrinsic evidence. The Court will not consider the evidence on this bond claim as well.

In sum, North Coast failed to allege that it gave adequate notice under the Miller Act as to the Joint Base Lewis-McCord Miller Act bond and the Bangor Substation 6A Miller Act bond. North Coast thus fails to state claim under the Miller Act. These claims are **DISMISSED with leave to amend**.

### D. Motion to Stay

If the Court does not dismiss this lawsuit, then the Court should, Defendants argue, stay all proceedings pending the outcome of the lawsuit in Kitsap County Superior Court. Dkt. # 16 at 12. Defendants argue that doing so promotes judicial economy, prevents inconsistent results, and avoids needless litigation. *Id.* at 13-15. What is more, they also argue that courts "routinely stay litigation of Miller Act payment bond claims pending the outcome of related litigation between the parties." *Id.* at 15. North Coast argues, however, that a total stay is overbroad. Dkt. # 23 at 11.

ORDER – 7

Defendants' arguments of judicial economy and comity are well taken, but the Court will not totally stay the case. Federal courts must not abdicate their "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Indeed, the Ninth Circuit Court of Appeals has held that a "district court has no discretion to stay proceedings as to claims within *exclusive* federal jurisdiction under the wise judicial administration exception." *Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (emphasis in original) (quoting *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir.1983)). Federal courts have exclusive jurisdiction over Miller Act claims. 40 U.S.C. § 3133(b)(3) ("A civil action brought under this subsection *must be brought . . . in the United States District Court* for any district in which the contract was to be performed and executed, regardless of the amount in controversy.") (emphasis added).

North Coast asserts Miller Act claims that cannot be adjudicated in state court. This Court has exclusive jurisdiction over those claims and, as explained by the Ninth Circuit, this Court has no discretion to stay them. Defendants' argument that courts routinely stay litigation of Miller Act claims is not persuasive. Nearly all the cases that Defendants cite are from other circuits. Dkt. # 16 at 15-16. And most cases are in the context of parallel arbitrations, not parallel state court proceedings. *Id.* Given the clear Ninth Circuit authority, the Court has a duty to adjudicate the Miller Act claims and will not implement a total stay. Defendant's motion for a total stay is **DENIED**.

That said, this Order does not preempt the parties from requesting a partial stay in the future. The Court does not have exclusive jurisdiction over North Coast's state law claims, many of which appear to overlap with the Kitsap Superior Court action. The degree of overlap, this Court does not know. Because a partial stay is not the subject of these motions, however, the Court will not address the merits of a partial stay here.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part**

ORDER – 8

Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceeding Pending Resolution of State Action (Dkt. # 16) and **DENIES as moot** Plaintiff's Motion for Extension of Time to Respond to Defendants' Motions to Dismiss or Stay and/or for Oral Argument.  North Coast may file an amended complaint **within thirty days** of the entry of this order.

DATED this 27th day of August, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 9